UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DWAYNE A. BERGER, | ) | CASE NO. 4:05 CV2175 |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

On September 14, 2005, pro se prisoner Dwayne Berger filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against the United States of America. Mr. Berger, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), asserts that he is "factually innocent" of the crime for which he is currently serving a prison term.

*Background*

Mr. Berger was indicted by a grand jury in the United District Court for the Northern District of Georgia, along with Marsarah Kelly and Akiba Rakilam, and charged with conspiracy to rob a bank in violation of 18 U.S.C. § 1951, robbery by assault of another by use of a dangerous

weapon in violation of 18 U.S.C. § 2113(a) and (d), and aiding and abetting a crime of violence in violation of 18 U.S.C. § 2. He pleaded not guilty to the indictment and went to trial on September 27, 2001.

The jury returned a verdict of not guilty on the charge of aiding and abetting Kelly and Rakilam with making false statements to a firearm dealer, in violation of 18 U.S.C. §§ 924(a)(1)(A) and 2, but it could not reach a verdict on the remaining charges. When Mr. Berger was tried again, the jury found him guilty on the remaining charges. He was sentenced to a term of 45 months imprisonment, followed by a consecutive term of 84 months. Mr. Berger appealed his sentence to the Eleventh Circuit Court of Appeals on February 11, 2002. He claims that the district court's judgment was affirmed by the Circuit Court on August 22, 2002.[1]

In February 2003, Mr. Berger filed a pro se Rule 33 motion for a new trial based on newly discovered evidence, namely, Ms. Kelly's post-trial affidavit recanting her trial testimony inculpating petitioner. An evidentiary hearing was held before United States District Court Judge Orida D. Evans on April 3, 2003 to address petitioner's Rule 33 motion. Judge Evans denied petitioner's motion for a new trial because Ms. Kelly recanted her affidavit; "and, I think the reality still is that Ms. Kelly, because of her friendship with Mr. Berger, she stills feels very conflicted about giving testimony against him in the trial which she did." (Tr. Mot. New Trial at 15.) Considering Ms. Kelly's recantation, Judge Evans determined that there was no newly discovered evidence that would warrant a new trial. Id. The district court further reasoned that, although there was not an overwhelming amount of evidence offered against Mr. Berger, there was nothing to

---

[1] In a reported decision regarding the second appeal Mr. Berger filed in this case, the Eleventh Circuit stated that "[o]n 22 July 2002, we affirmed Berger's conviction on direct appeal." See United States v. Berger, 375 F.3d 1223, 1225 (11th Cir. 2004).

indicate that the testimony offered at trial was false.

Petitioner timely appealed the district court's denial of his post-conviction, post-appeal Rule 33 motion for a new trial on the ground that he should have been appointed counsel. He also argued for the first time on appeal that the district judge erred by not recusing herself. The Eleventh Circuit held that the district court did not abuse its discretion by considering the complexity of Mr. Berger's appeal and then refusing to grant appointed counsel. As for his recusal claim, the appeals court found that petitioner failed to allege sufficient facts to support this claim.

*Analysis*

In his present petition, Mr. Berger revisits the fact that Ms. Kelly recanted her trial testimony in an affidavit. His argument directly refutes Judge Evans's determination that there was no newly discovered evidence that would warrant a new trial. He claims that during the evidentiary hearing on his motion for a new trial Ms. Kelly never testified that her signed affidavit, which recanted her trial testimony, was not true, but instead she chose to invoke her Fifth Amendment right against self-incrimination when queried about those statements. Mr. Berger challenges the fact that his conviction was based solely on the testimony of Ms. Kelly, who he claims was pressured by the government and her attorney to recant the affidavit she signed.

Mr. Berger cites United States v. Feldman, 83 F.3d 9 (1st Cir. 1996) and United States v. Doe, 465 U.S. 605 (1984), for the proposition that once an individual voluntarily prepares a written account "the act of preparation serves as an effective waiver of the FIFTH AMENDMENT PROTECTIONS." (Compl.at 8)(emphasis in the original). He argues that this principle compelled the district court to acknowledge his innocence and that his conviction should be vacated, or that he

-3-

should be granted a new trial. He adds that despite the passage of time, <u>Menefield v. Borg</u>, 881 F.2d 696 (9th Cir. 1989) provides that he is entitled to have legal representation should this court grant his petition and order a new trial.[2]

## *Federal Habeas Corpus Petitions*
## *28 U.S.C. §2241*

Before the court can address the merits of Mr. Berger's petition before it, the question of whether his claim is properly raised in a § 2241 habeas petition must first be determined. Generally, if a petitioner seeks to challenge the execution of his sentence, he may file a § 2241 petition in the district court having jurisdiction over his custodian. <u>United States v. Peterman</u>, 249 F.3d 458, 461 (6th Cir.), <u>cert</u>. <u>denied</u>, 122 S.Ct. 493 (2001). But where, as here, a federal prisoner seeks to challenge the imposition of his sentence on grounds that the sentence was imposed "in excess of the maximum authorized by law, or is otherwise subject to collateral attack," he generally must file a § 2255 motion to vacate, set aside or correct sentence in the sentencing court. <u>See</u> 28 U.S.C. § 2255; <u>Charles v. Chandler</u>, 180 F.3d 753, 755-56 (6th Cir.1999); <u>Capaldi v. Pontesso</u>, 135 F.3d 1122, 1123 (6th Cir.1998).

A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion

---

[2] In <u>Menefield</u>, the Ninth Circuit Court of Appeals held that a defendant who requested an attorney at the time he filed a motion for new trial was entitled to have one appointed, even though he had waived his right to counsel and represented himself at trial. Menefield, 881 F.2d at 701. In the present case, the Eleventh Circuit Court of Appeals held that "the district court acted reasonably within its discretion in denying Berger appointed counsel in his post-conviction, post-appeal Rule 33 motion." <u>Berger</u>, 375 F.3d at 1227.

-4-

is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); Charles, 180 F.3d at 755-56; Capaldi, 135 F.3d at 1123.

Mr. Berger has failed to show that his § 2255 remedy is inadequate or ineffective. A prisoner's remedy under § 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate. Peterman, 249 F.3d at 461. Furthermore, unlike other prisoners who have obtained review of their viable innocence claims under § 2241 because they did not have a prior opportunity to present their claims, see, e.g., In re Davenport, 147 F.3d 605, 609, 611 (7th Cir.1998), Mr.Berger had the opportunity to raise his claim in a § 2255 motion to vacate.

Without any allegation that his remedy under § 2255 is inadequate or ineffective for reasons other than those prohibited by the courts, Mr. Berger is not entitled to habeas relief from this court pursuant to 28 U.S.C. § 2241. Moreover, this court cannot construe this petition as a motion to vacate sentence pursuant to 28 U.S.C. § 2255. In re Shelton, 295 F.3d 620, 622 (6th Cir.2002).[3]

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 2243. The

---

[3] In Shelton the Sixth Circuit held that, with regard to pro se litigants in particular, "district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.' Unless such a warning is provided, a recharacterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.

court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

        IT IS SO ORDERED.


        /s/ Patricia A. Gaughan
        PATRICIA A. GAUGHAN
        UNITED STATES DISTRICT JUDGE


Dated: 12/9/05